# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

№ 26-CV-2710 (RER) (TAM)

———————————————

JIEYING PAN

VERSUS

MEI FARRELL

————————————

**MEMORANDUM & ORDER**

————————————

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Jieying Pan filed this civil action on May 4, 2026 against Mei Farrell, alleging violations of her constitutional rights and state law tort claims related to Farrell's actions against her. (ECF No. 1). The Court grants Pan's request to proceed *in forma pauperis*. (ECF No. 2).

After carefully reviewing the record, and for the reasons set forth herein, the Court dismisses the complaint.

## BACKGROUND

Pan alleges that Farrell physically assaulted her, stole and damaged her property, and made false statements that led to Plaintiff's arrest. (ECF No. 1 at 5).

Plaintiff alleges violations of her constitutional rights under the First, Fourth, and Fourteenth Amendments and asserts claims under 42 U.S.C. § 1983. (*Id.* at 4). She also

asserts claims under state law for assault and battery, robbery and conversion, and abuse of process. (*Id.* at 8–9). Pan asserts diversity jurisdiction and claims that she and defendant "are citizens of different states/nations." (*Id.* at 7). However, Pan does not identify the domicile for either party. In a different case, *Pan v. City of New York, et al.*, plaintiff alleged that both she and Farrell resided at Farrell's parents' home in Brooklyn, New York. (E.D.N.Y. Dkt. No. 25-CV-5895, ECF No. 1). The instant complaint alleges that Farrell's actions were intended as "constructive eviction" (ECF No. 1 at 8), and states that "defendant's address is her parents' home" (*Id.* at 9). Plaintiff seeks compensatory and punitive damages totaling $651,000. (*Id.* at 6, 9).

On May 12, 2026, Pan submitted a letter to the Court captioned for this action and two other cases she recently filed in this Court, *Pan v. City of New York, et al.*, No. 25-CV-5895, and *Pan v. Schiavetti, Corgan, Diedwards, Weinberg & Nicholson,LLP et al*, No. 26-CV-2630. (ECF No. 4). As it concerns the instant action, the letter renews the request for $651,000 in punitive damages and compensation for destroyed property. (*Id.* at 2). The letter also objects to the consolidation of the three actions. (*Id.* at 1).

## **LEGAL STANDARD**

Courts are required to give special consideration to *pro se* litigants, those individuals who are not attorneys and represent themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving *pro se* complaints special consideration, the Court must look for the strongest arguments in the complaint. *Id.*; *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191-93 (2d Cir. 2008). If the Court

finds any possibility that "a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000).

A federal statute, 28 U.S.C. § 1915(e)(2), allows poor plaintiffs to file lawsuits without paying the usual filing fee. This statute requires a district court to dismiss a case filed *in forma pauperis* if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must include facts that show that the defendants may be responsible for the harm to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. There are two types of federal subject-matter jurisdiction. One type is called federal question jurisdiction, and the complaint must have a claim based on federal law. *See* 28 U.S.C. § 1331. The other type of federal subject-matter jurisdiction is diversity jurisdiction, in which the plaintiff must show that plaintiff and defendants have complete diversity of citizenship, which means that all the defendants must live in a different state than the plaintiff. Also, the claim for money damages, which is called the amount in controversy, must be for greater than $75,000. *See* 28 U.S.C. § 1332. The Federal Rules of Civil Procedure require that if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

**DISCUSSION**

Pan alleges that defendant violated her constitutional rights. However, to bring claims for deprivations of constitutional rights under 42 U.S.C. § 1983, the plaintiff must show that the conduct was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted).

Here, Pan has not alleged that Farrell, the only defendant, is a state actor or was acting under color of state law. The conflict between Pan and defendant appears to be personal and related to housing and not connected to any governmental action or benefit. Accordingly, the section 1983 claims against defendant are dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Pan's alleged claims for assault, theft and destruction of property, defamation, harassment, and intentional infliction of emotional distress may be actionable under state law. Federal courts do not have independent jurisdiction to enforce state laws or causes of action unless the plaintiff establishes diversity jurisdiction under 28 U.S.C. § 1332. *See Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) ("[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction."). To establish diversity jurisdiction, a plaintiff must allege that plaintiff and defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). "For purposes of diversity jurisdiction, a party's citizenship depends on his domicile. Domicile has been

4

described as the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos*, 157 F.3d at 948 (citations and quotation marks omitted).

Here, Pan has not established that the citizenship of the parties is diverse, as both parties appear to be domiciled in New York State. Accordingly, Plaintiff's remaining claims are dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

For the reasons set forth above, the Court grants plaintiff's request to proceed *in forma pauperis* and dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Because plaintiff is representing herself and is entitled to special consideration, the Court has considered whether to grant leave to amend the complaint and finds that amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss *pro se* complaint without leave to amend where amendment would be futile); *Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment and to mail a copy of this Order and the Judgment to Plaintiff at the address she provided and to note the mailing on the docket. The Clerk of Court is further directed to deny ECF No. 8 as moot.

SO ORDERED.


/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: May 22, 2026
        Brooklyn, New York

6