UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Jieying Pan,

                            Plaintiff,

     -against-

Mei Farrell,

                            Defendant.
------------------------------------------------------------------X

                                    **MEMORANDUM AND ORDER**
                                    26-cv-2710 (RER) (TAM)

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Jieying Pan filed this civil action on May 4, 2026, against defendant Mei Farrell, alleging violations of her constitutional rights and state law tort claims related to Farrell's actions against her. (ECF No. 1). On May 22, 2026, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). (ECF No. 9). Pan then filed four motions, including an "emergency motion to reopen case," and a "motion to vacate dismissal."[1] (ECF Nos. 11–14).

For the reasons set forth below, the Court denies Pan's motions for reconsideration.

*   *   *

Rule 60 allows courts to correct clerical mistakes and to relieve a party from a final judgment based on several specified circumstances, including fraud, misrepresentation, or misconduct by an opposing party or "any other reason that justifies relief." Fed. R. Civ.

---

[1] Pan's motion for leave to file *in forma pauperis* is denied as moot because this Court granted Pan's previous motion in its May 22, 2026, order. (ECF Nos. 2, 9, 13).

P. 60(a) and (b). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 247 (2d Cir. 1995). Moreover, such a motion will not be granted absent the demonstration of "extraordinary" or "exceptional" circumstances." *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

Pan argues that this case should be reopened because defendant is "intentionally concealing her true primary domicile," and that defendant is a state actor, as defined under 42 U.S.C. § 1983, because defendant's "conduct exceeds private tortious behavior." (ECF Nos. 12 at 1–2; 14 at 1–2). Pan further repeats the allegations from her complaint. (ECF No. 11 at 1–2).

The Court denies Pan's motions for the reasons stated in the May 22, 2026, order. (ECF No. 9 at 4–5). Further, Pan has not cited any controlling decisions or data that the court overlooked or presented any clear error or new evidence in support of her claims. There are no exceptional circumstances that would alter the Court's conclusion or justify relief from the judgment in this case. Accordingly, the Court denies Pan's motions pursuant to Rule 60.

*         *         *

For the foregoing reasons stated above, Pan's motions pursuant to Rule 60 are denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

2

The Clerk of Court is directed to deny Dkt. Nos. 11 and 14 and mail a copy of this order to plaintiff.


SO ORDERED.


_____/s/ Ramón E. Reyes, Jr._____

RAMÓN E. REYES, JR.
United States District Judge

Dated: June 8, 2026
        Brooklyn, New York